UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Rafik Maroun Bouzeid )<br>Petitioner )<br>V. )<br>Steven Farquharson, )<br>District Director )<br>U.S. Bureau of Immigration )<br>and Custom Enforcement )<br>_____) | PETITION FOR HABEAS CORPUS<br>MAGISTRATE JUDGE Bowler<br><br>03  12268 JLT<br>RECEIPT # 51153<br>AMOUNT $ 5 —<br>SUMMONS ISSUED_____<br>LOCAL RULE 4.1_____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE 11-17-03 |

**PARTIES**

The Petitioner, Rafik Maroun Bouzeid is a resident of Massachusetts, and is presently in the custody of the U.S. Bureau of Immigration and Customs Enforcement, at the Plymouth House of Corrections, Plymouth, MA.

The Respondent, Steven Farquharson, is the District Director for the U.S. Bureau of Immigration and Custom Enforcement, District of Massachusetts.

**JURISDICTION**

Jurisdiction is granted to the United States District Court pursuant to 28 U.S.C. sec. 2241. The Writ of habeas corpus can extend to any prisoner who is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2241(c)(3).

## SUMMARY OF THE ISSUE

Whether the Bureau of Immigration and Customs Enforcement may constitutionally detain and enforce an in-absentia Deportation order where such order was a direct result on ineffective assistance of counsel.

## STATEMENT OF THE FACTS

The Respondent, Rafik Maroun Bouzeid, is a native and citizen of Lebanon. He entered the United States on September 12, 1988, at Los Angeles, California, where he was admitted as a non-immigrant student (F-1). Several months later, Respondent filed for political asylum before the District Director. The District Director denied Respondent's request for political asylum and issued an Order to Show Cause. The Service alleged that where he had applied for and been denied political asylum, Respondent was no longer in status.

At a Master Calendar hearing before the Immigration Judge on July 25, 1990, Respondent appeared along with his Counsel, Victor M. Forsley. Respondent had intended to renew his request for political asylum before the Immigration Judge. However, the Service moved for a continuance in order to amend the Order to Show Cause. The Immigration Judge granted the Service's Motion and rescheduled the matter for another master calendar hearing on October 2, 1990.

On October 2, 1990, neither Respondent not his Counsel, Mr. Forsley appeared. The Immigration Judge proceeded in absentia after admitting the I-261 and an I-213 relating to the Respondent. This Motion will detail that <u>Attorney Forsley</u> was not only <u>inexperienced</u> in Immigration Law, but <u>negligent</u> in the most basic Court procedures at the Boston Immigration Court.

The Immigration Judge entered an in absentia order deporting the Respondent to Lebanon. Attorney Fosley, filed a notice of Appeal to this Board. Subsequent to the filing of the Notice of Appeal, there was a change of heart by Attorney Forsley believing that competent Immigration Law Counsel was needed, Attorney Forsley personally introduced the Respondent to Immigration Lawyer James Dragon of Lowell. Attorney Dragon spoke with the Respondent, acknowledges that Attorney Dragon and Attorney Forsley are friends, and informs the Respondent that he will take his case and attempt to correct the error created by Attorney Forsley. (Ex. 1) Attorney Forsley also at this time takes financial responsibility for Attorney Dragon's services. (Ex. 5).

During the course of these immigration proceedings, Attorney Dragon attempted to reverse the in absentia order entered against the Respondent. During the period from April 15, 1991 to January 23, 1995, no action was undertaken by Attorney Dragon because the Respondent was eligible for TPS as a national of Lebanon. However, on January 23, 1995, this Board ordered that the matter be reopened and reinstated the pending appeal.

On June 17, 1995, Attorney Dragon filed his Appeal Brief on behalf of the Respondent. As an initial premise, there appears to be a conflict of interests between Attorney Dragon's representation of the Respondent and former Counsel Forsley, Dragon's friend. The filings made by Attorney Dragon appear to dance around the issue of why the Respondent did not appear in Court when the case was continued by the Immigration Judge. Attorney Dragon stated " that there are some indications that Respondent's failure to appear was possibly the result of Mr. Forseley's misunderstanding. (Ex. 2) However, in Attorney Dragon's first appeal brief Attorney Dragon failed to provide an affidavit from either The Respondent or Attorney Forsley which squarely indicates what was said which prevented the Respondent from appearing at this hearing. Attorney Dragon failed to inform the Board that at the time of the hearing, the Respondent spoke no english, and only understood Arabic. Attorney Dragon also failed to inform the Board; that the reason that the Respondent retained Attorney Forseley was because Attorney Forseley was of middle eastern descent, and spoke fluent Arabic, and there was no Arabic interpreter in Court. Further, Attorney Dragon failed to inform the Board that Attorney Forseley told the Respondent that he would have to return to court when the Court sends notice of the new hearing, and that the Respondent reasonably relied upon Attorney Forsley. (Ex. 1, 2) It is Respondent's belief that the conflict of interest between Attorneys Dragon and Forsley was so great that it has prejudiced the Respondent. In Attorney Dragon's first Brief to the Board it is no surprise that Attorney Dragon failed to comply with Matter of Lozada 19 I. & N. Dec 637, 639 (BIA 1988).

This Board ultimately dismissed Respondent's Appeal.

On December 28, 1995, Attorney Dragon filed a Motion to Reopen and attaches an affidavit from Attorney Forsley. Once again Attorney Dragon failed to inform the Board that At the time of the hearing, the Respondent spoke no english, and there was no Arabic interpreter provided by the Court, and that the Respondent did not know or understand from the Immigration Judge that he was supposed to appear in Court on October 2, 1990. That Respondent reasonablely relied upon Attorney Forsley's representation that he would need to appear in Court when Attorney Forsley receives written notice from the Immigration Court. Attorney Dragon again fails to comply with Matter or Lozada, 19 I & N Dec 637, 639 (BIA 1988)

On or about May, 1990 the Respondent discovered that the Motion to Reopen that was filed by Attorney Dragon was Denied when the Respondent was informed that Attorney Dragon was disbarred from the practice of law and he was told to pick up his file. (Ex. 4)  The Respondent sought out over 20 immigration Lawyers in order to resolve the problem with the Immigration Court. No one would take his case because of the errors of his prior Attorney's and the time that has passed. (Ex. 1)

## ARGUMENT

The Petitioner Moves this Honorable Court to grant his request for habeas relief and STAY the Deportation pending the outcome of the Motion to Reopen, filed with the Board of Immigration Appeals.

The Standard for Stay's of Deportation are the same as that required for preliminary Injunctions. Ralph v. Lucent Technologies, 135 F.3d. 166, 167-68 (1st. Cir. 1999). Here the Petitioner has significant risks of irreparable harm if the injunction is withheld because he will lose the jurisdiction of this Court relative to his Petition for Habeas Corpus provided by 28 U.S.C. 2241 and the pending Motion to Reopen before the Board of Immigration Appeals. Petitioner has a substantial likelihood of success on the Merits; there exists a favorable balance of the hardship to the petitioner without any undue burdening delay to the Bureau of Immigration and Customs Enforcement and there exists a public benefit to adjudicate the issues which the Petitioner raises in this Circuit.

For the reasons set forth above, this Court should allow the stay request, and all other relief that is appropriate with this action.

Respectfully Submitted,

The Respondent,
By His Attorney,

*[signature]* 11/13/03

STEPHEN A. LAGANA, ESQ.
Lagana & Associates
145 Essex Street
Lawrence, MA. 01841
978-794-2331