UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAFIK BOUZEID, )
   Petitioner )
 )
 ) Civil Action No.: 03-V-12268-JLT
v. )
 )
BRUCE CHADBOURNE )
   Respondent )

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

FACTS RELEVANT TO THIS MOTION

On November 17, 2003 Petitioner, Rafik Bouzied, filed a Petition for a Writ of Habeas Corpus and Stay of Deportation pending his Motion to Reopen which was filed with the Board of Immigration Appeals. On or about January 21, 2004, Respondent filed a Motion to Dismiss the Petitioner for Writ of Habeas Corpus. On January 30, 2004 the BIA denied Petitioner's Motion to Reopen. As a result, Petitioner is no longer seeking a Stay of Deportation. Respondent's claims that Petitioner's Motion to Reopen before the BIA is untimely are moot, as the BIA has now denied that Motion. Similarly, Respondent's argument that Petitioner has not exhausted administrative remedies is also moot as Respondent is no longer seeking a Stay of Removal.

Petitioner has been detained by the Department of Homeland Security since his arrest on July 17, 2003. Petitioner is not deportable as the result of criminal activity, and no stays of deportation have been issued in this case. The removal period for Petitioner ended on or about October 17, 2003, 90 days after he was detained, because his removal order has been outstanding since October 2, 1990, and, at the latest, has been final since October 31, 1997, the last time a stay was denied Petitioner. See INA §241(a). Throughout this time period, DHS has attempted

to acquire the necessary papers to remove Petitioner to Lebanon and has been unable to obtain them.

Petitioner now contends that his Petition for Writ of Habeas Corpus should not be dismissed so as to allow this court to consider that he has been detained beyond the "period reasonably necessary to accomplish [his] removal from the United States" and that his continued detention is a violation of due process. Zadvydas v. INS, 533 U.S. 678 (2001).

## ARGUMENT

The Attorney General is authorized by statute to detain an alien who is removable for a removal period of 90 days and to detain an alien who has failed to maintain his non-immigrant status beyond the 90 day removal period. 8 U.S.C. § 1231(a). However, the Supreme Court has held that the Constitution requires that an alien's post-removal period detention be limited to the "period reasonably necessary to bring about the alien's removal from the United States. Zadvydas, 533 U.S. at 689. After six months, an alien for whom there is no significant likelihood of removal in the reasonably foreseeable future must be released from custody. See Id. at 701.

Petitioner has been found removable for failure to maintain his non-immigrant status as a student. Petitioner has been detained for close to seven months. During that period, the Department of Homeland Security has endeavored to procure travel papers for Petitioner and remove him from the United States without any delay due to Petitioner's filings with this court and the Board of Immigration Appeals. DHS has, for nearly seven months, been unable to obtain the necessary paperwork and remove Petitioner. Petitioner has cooperated in every way requested with DHS' attempts to procure him travel documents. No detention reviews have been held pursuant to 8 C.F.R. §241.4. Because there is no reason to believe that travel papers will be

obtained for Petitioner in the reasonably foreseeable future, Petitioner should be released from detention. See Id. Furthermore, Petitioner meets the criteria for release in so far as no travel documents are available, he is presently non-violent and likely to remain so in the future, he is not a danger to the community, is not likely to violate the conditions of release, and does not pose a significant flight risk. See 8 C.F.R. §241.4(e).

## CONCLUSION

For the foregoing reasons, Petitioner respectfully urges this court not to dismiss his Petition for Writ of Habeas Corpus and order his immediate release from detention.

Respectfully Submitted,
Rafik Bouzeid
the Petitioner
By his Attorney

Date: 2/9/04

Stephen A. Lagana, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978-794-2331
BBO#: 565811

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A29 021 347 - Boston                    Date:

In re:  RAFIK MAROUN BOUZEID                    JAN 3 0 2004

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Stephen A. Lagana, Esquire

ORDER:

PER CURIAM. The respondent filed a Motion to Reopen on November 20, 2003. The Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) has not responded to the motion, which will be denied. The Board dismissed the respondent's appeal on October 26, 1995, and denied a previous motion to reopen on March 19, 1997. A motion to reopen in any case previously the subject of a final decision by the Board must be filed within 90 days of the administratively final order. *See* 8 C.F.R. § 1003.2(c)(2). The motion to reopen was therefore filed out of time. Moreover, it exceeds the numerical limitations for motions to reopen. Id.

Underlying the motion is a claim of ineffective assistance of the respondent's previous attorneys. However, there is no good reason provided for why the pending motion was filed over 6 years after our last order. Equitable tolling of the motions deadline is unavailable when a party fails to exercise due diligence on his own behalf. *Jobe v. INS*, 238 F.3d 96, 98-99 (1st Cir. 2001). The motion to reopen is, therefore, denied.

_____  
FOR THE BOARD

## CERTIFICATE OF SERVICE

I, Stephen A. Lagana, Counsel for the Petitioner, hereby certify that on this date I have mailed, by first class mail, a copy of the enclosed Opposition to Respondent's Motion to Dismiss to:

Michael J. Sullivan, Esq.
Jeremy M. Sternberg, Esq.
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

_____          _2/9/04_____
Stephen A. Lagana, Esq.                                    Date