UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAFIK BOUZEID, <br><br> Petitioner <br><br> v. <br><br> BRUCE CHADBOURNE,[1] <br><br> Respondent | Civil Action No. 03-V-12268-JLT |

## RESPONDENT'S MOTION TO DISMISS HABEAS PETITION AS MOOT

Respondent Bruce Chadbourne hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Petition in its entirety on the grounds that it is now moot. The sole relief sought by Petitioner was a stay of his deportation pending the outcome of his Motion to Reopen before the Board of Immigration Appeals. On January 30, 2004, the Board of Immigration Appeals ("BIA")

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. These changes were effective March 1, 2003. HSA section 1512(c) provides that "pending civil actions shall continue notwithstanding the enactment of this Act or the transfer of an agency to the Department, and in such civil actions, proceedings shall be had, appeals taken, and judgments rendered and enforced in the same manner and with the same effect as if such enactment or transfer had not occurred." In addition, HSA section 1512(d) provides that "[r]eferences relating to an agency that is transferred to the Department in statutes, executive orders, rules, regulations, directives, or delegations of authority that precede such transfer or the effective date of this act shall be deemed to refer, as appropriate, to the Department, to its officers, employees, or agents, or to its corresponding organizational units or functions." As of a DHS restructuring effective June 9, 2003, it is understood at present that the responsive successor official of the Department of Homeland Security in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

denied Petitioner's Motion to Reopen. See Exhibit A, attached hereto. As a result, the instant habeas petition is now moot, as the relief sought, a stay of deportation until the ruling by the BIA, has functionally been achieved. Moreover, pursuant to 8 U.S.C. §1252(b), Petitioner's avenue for judicial review of the denial of his Motion to Reopen is to the United States Court of Appeals for the First Circuit.

WHEREFORE, Respondent respectfully requests that the Court allow this motion to dismiss in its entirety.

Respectfully submitted,

BRUCE CHADBOURNE

By his attorney,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748-3142

Certificate of Service
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each. Other party by mail/hand on _____

_____   _____
DATE             Assistant U.S. Attorney

2

**A**

Case 1:03-cv-12268-JLT   Document 7   Filed 03/15/2004   Page 3 of 4

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A29 021 347 - Boston

Date: JAN 30 2004

In re: RAFIK MAROUN BOUZEID

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Stephen A. Lagana, Esquire

ORDER:

PER CURIAM. The respondent filed a Motion to Reopen on November 20, 2003. The Department of Homeland Security (the "DHS," formerly the Immigration and Naturalization Service) has not responded to the motion, which will be denied. The Board dismissed the respondent's appeal on October 26, 1995, and denied a previous motion to reopen on March 19, 1997. A motion to reopen in any case previously the subject of a final decision by the Board must be filed within 90 days of the administratively final order. See 8 C.F.R. § 1003.2(c)(2). The motion to reopen was therefore filed out of time. Moreover, it exceeds the numerical limitations for motions to reopen. Id.

Underlying the motion is a claim of ineffective assistance of the respondent's previous attorneys. However, there is no good reason provided for why the pending motion was filed over 6 years after our last order. Equitable tolling of the motions deadline is unavailable when a party fails to exercise due diligence on his own behalf. Jobe v. INS, 238 F.3d 96, 98-99 (1st Cir. 2001). The motion to reopen is, therefore, denied.

FOR THE BOARD